# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. MILLER, | 1:12-cv-00353-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING AS MOOT REMOVING DEFENDANTS' REQUEST TO EXCUSE THEM FROM REQUIREMENT OF § 1446(a) |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | ORDER DENYING DEFENDANTS' REQUEST FOR THE COURT TO ISSUE A WRIT OF CERTIORARI PURSUANT TO § 1447(b) |
| Defendants. | (Docs. 1, 4.) |

## I.  RELEVANT PROCEDURAL HISTORY

This is a civil action filed by Charles A. Miller ("Plaintiff"), a state prisoner proceeding pro se. This action was initiated by civil complaint filed by Plaintiff in the Fresno County Superior Court on June 15, 2010 (Case #10CECG02100). On March 8, 2012, defendants Adonis, Griffith, Gutierrez, Igbinosa, Medina, and Mendez ("Removing Defendants") removed the case to federal court by filing a Notice of Removal of Action pursuant to 28 U.S.C. § 1441(a) (federal question). (Doc. 1.) The Removing Defendants assert that defendant Medina was served with a copy of the complaint on February 14, 2012; defendant Mendez was served on February 16, 2012; and defendants Adonis, Griffith, Gutierrez, and Igbinosa were served on February 21, 2012. (Exh. B to Notice of Removal, Doc. 1-7.) On March 8, 2012, defendants California Department of Corrections

1

and Rehabilitation ("CDCR"), Ahmed, Anderson, Chudy, Duenas, Eddings, Pascual, and Walker ("Consenting Defendants") joined in the Notice of Removal of Action. (Doc. 4.)

The Removing Defendants request that the Court excuse them from § 1446(a)'s requirement to submit copies of the entire state-court record, and they request that the Court issue a writ of certiorari pursuant to 28 U.S.C. § 1447(b), to obtain the entire state-court file. (Doc. 1.) Consenting Defendants have joined in the request for issuance of a writ of certiorari. (Docs. 1, 4.)

**II.   DEFENDANTS' REQUESTS – 28 U.S.C. §§ 1446(a), 1447(b)**

28 U.S.C. § 1446(a) requires a notice of removal to contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Under 28 U.S.C. § 1447(b), the Court "may require the removing party to file with its clerk copies of all records and proceedings in such State court or may cause the same to be brought before it by writ of certiorari issued to such State court."

The Removing Defendants request to be excused from the requirement of § 1446(a) to file copies of "all process, pleadings, and orders" from the state action, asserting that the state-action papers are voluminous and the file contains many pleadings, orders, and other documents that have been filed or served on the parties since the action was commenced. The Removing Defendants have provided as Exhibit C a copy of the docket for the state-court action, with entries from June 15, 2010, when the case was filed, through December 21, 2011. (Exh. C to Notice of Removal, Doc. 1-8.) All of the Defendants have requested the Court to issue a writ of certiorari to the Fresno County Superior Court pursuant to § 1447(b), to obtain the entire state-action file.

*Discussion*

The Removing Defendants request to be excused from § 1446(a)'s requirement to submit copies of all of the documents from the state-court record. However, § 1446(a) does not require the Removing Defendants to submit copies of <u>all</u> of the state-court documents. "[R]emoval is accomplished merely by ***a defendant*** filing a verified petition stating the facts which entitled him to removal, together with a copy of all process, pleadings, and orders ***served upon him*** in the action, . . ." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064-65 (9th Cir. 1979) (citing 28 U.S.C. § 1446); 14 Wright, Miller and Cooper, Federal Practice and Procedure, § 3730, p. 715) (emphasis

added). Thus, the Removing Defendants were only required to submit copies of documents which had been served upon the Removing Defendants during the state-court action. Therefore, the Removing Defendants' request to be excused from submitting the entire state-court record pursuant to § 1446(a) is without basis and shall be denied as moot.

The Court has no evidence that the Removing Defendants did not comply with the requirement of § 1446(a) to submit copies of the documents that had been served upon them in the state-court action. The Removing Defendants submitted, with the Notice of Removal, a copy of the Complaint filed on June 15, 2010, and copies of the returned summonses served upon them on February 14, 2012, February 16, 2012, and February 21, 2012. (Exhs. A-F to Notice of Removal, Docs. 1-2, 1-3, 1-4, 1-5, 1-6, 1-7.) The Court has no evidence that the Removing Defendants were served copies of any other documents in the state-court action before the case was removed.

With respect to the request for the Court to issue a writ of certiorari pursuant to § 1447(b), the Court declines to do so at this stage of the proceedings. A review of the record shows that the Court has sufficient documentation to determine jurisdiction. See Covington v. Indemnity Ins. Co. of N. Am., 251 F.2d 930, 932–933 (5th Cir.1958) (describing failure to attach state court documents as mere "modal and formal" defect that was not jurisdictional); see also Destfino v. Reiswig, 630 F.3d 952, 957 (9th Cir.2011) (in context of joinder of defendants, "a procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court") (quoting Soliman v. Phillip Morris, Inc., 311 F.3d 966, 970 (9th Cir.2002)). Therefore, Defendants' request for the Court to issue a writ of certiorari shall be denied, without prejudice.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Removing Defendants' request to be excused from § 1446(a)'s requirement is DENIED as moot; and

///
///
///

2. Defendants' request for the court to issue a writ of certiorari to the Fresno County Superior Court pursuant to § 1447(b), filed on March 8, 2012, is DENIED without prejudice.

IT IS SO ORDERED.

Dated:  October 23, 2012                              /s/ Gary S. Austin
                                                     UNITED STATES MAGISTRATE JUDGE