# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. MILLER, | 1:12-cv-00353-LJO-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR REMAND BE DENIED (Doc. 9.) |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | OBJECTIONS, IF ANY, DUE IN 30 DAYS |
| Defendants. | |

**I.    RELEVANT PROCEDURAL HISTORY**

This is a civil action filed by Charles A. Miller ("Plaintiff"), a state prisoner proceeding pro se. This action was initiated by civil complaint filed by Plaintiff in the Fresno County Superior Court on June 15, 2010 (Case #10CECG02100). On March 8, 2012, defendants Adonis, Griffith, Gutierrez, Igbinosa, Medina, and Mendez ("Removing Defendants") removed the case to federal court by filing a Notice of Removal of Action pursuant to 28 U.S.C. § 1441(a) (federal question). (Doc. 1.) The Removing Defendants assert that defendant Medina was served with a copy of the complaint on February 14, 2012; defendant Mendez was served on February 16, 2012; and defendants Adonis, Griffith, Gutierrez, and Igbinosa were served on February 21, 2012. (Exh. B to Notice of Removal, Doc. 1-7.) On March 8, 2012, defendants California Department of Corrections and Rehabilitation ("CDCR"), Ahmed, Anderson, Chudy, Duenas, Eddings, Pascual, and Walker ("Consenting Defendants") joined in the Notice of Removal of Action. (Doc. 4.)

1

On March 21, 2012, Plaintiff filed a motion to remand this action to the Fresno County Superior Court. (Doc. 9.) On April 9, 2012, all of the Defendants filed an opposition. (Doc. 12.) On May 1, 2012, Plaintiff filed a reply. (Docs. 13, 14.)

## II. REMOVAL AND REMAND

*Removal*

With exceptions not relevant here, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This court has original jurisdiction over actions brought pursuant to 42 U.S.C. § 1983. See 28 U.S.C. § 1331.

Removal of an action under 28 U.S.C. § 1441(a) depends solely on the nature of the plaintiff's complaint, and is properly removed only if "a right or immunity created by the Constitution or laws of the United States [constitutes] an element, and an essential one, of the plaintiff's cause of action." Gully v. First National Bank in Meridian, 299 U.S. 109, 112 (1936). Removal statutes are strictly construed. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir.1992). "The burden of establishing federal jurisdiction falls on the party invoking removal." Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930, 932 (9th Cir.1994) (quoting Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 771 (9th Cir.1986)). The plaintiff is the master of his or her own complaint and is free to ignore the federal cause of action and rest the claim solely on a state cause of action. See The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25, (1913); Jones v. General Tire & Rubber Co., 541 F.2d 660, 664 (7th Cir.1976); La Chemise Lacoste v. Alligator Co., 506 F.2d 339, 346 (3d Cir.1974), cert. denied, 421 U.S. 937 (1975).

///

///

*Procedural Requirements*

A notice of removal must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1).

*Remand*

A plaintiff objecting to the removal may file a motion asking the district court to remand the case to state court. Caterpillar, Inc. v. Lewis, 519 U.S. 61, 69 (1996). The Court may remand an action for lack of subject matter jurisdiction or for any defect in the removal procedures. 28 U.S.C. § 1447(c). A plaintiff may move for remand when removal to federal court was procedurally defective, although procedural defects do not necessarily deprive the court of subject matter jurisdiction. Id. A motion to remand the case for procedural defects in the removal must be made within 30 days after the removal notice is filed in federal court. Id.; Northern Calif. Dist. Council of Laborers v. Pittsburg–Des Moines Steel Co. (9th Cir. 1995) 69 F3d 1034, 1038.

Removal statutes are construed restrictively, so as to limit removal jurisdiction, and doubts as to removability are resolved in favor of remanding the case to the state court. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872 (1941); Gaus, 980 F.2d at 566. On plaintiff's motion for remand, the defendant seeking removal of the action to federal court has the burden of establishing grounds for federal jurisdiction in the case. Id. The defendant also has the burden of showing that it has complied with the procedural requirements for removal. California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).

### III. PLAINTIFF'S MOTION FOR REMAND

Plaintiff argues that this case should be remanded to the Fresno County Superior Court, due to procedural defects in Defendants' notice of removal.

3

As a matter of background, Plaintiff asserts the following:[1]

*State Court* - The Complaint was originally filed on June 15, 2010, in the Fresno County Superior Court as Miller v. CDCR, et al., case number 10-CECG-02100. (Declaration of Charles Miller, Doc. 13 ¶2.) On July 21, 2010, Plaintiff served defendant Walker. (Id. ¶4.) On July 22, 2010, Plaintiff served defendants Pasqual, Ahmed, Anderson, and Chudy. (Id.)

*First Removal and Remand* - On August 6, 2010, defendants Walker, Pasqual, and Ahmed removed the case to the present federal court [United States District Court for the Eastern District of California], where it was assigned case number 1:10-cv-01428-AWI-SMS-PC. (Id. ¶5.) However, defendants Anderson and Chudy did not join in the notice of removal, and they did not formally file consents to removal until September 13, 2010. Id. On or about August 27, 2010, Plaintiff filed a motion to remand the case, in part because defendants Anderson and Chudy had not timely consented to the removal. Id. ¶6. On or about March 10, 2011, Plaintiff's motion was granted, and the case was remanded to the Fresno Superior Court based on the failure of the consenting defendants to unanimously consent to removal in a timely manner. Id. ¶7.

*State Court* - Back in state court, Plaintiff proceeded to initiate service upon the unserved defendants. Due to difficulties obtaining copies of the 228-page Complaint at the prison, Plaintiff sought and was granted extensions of time at state court to complete service. Id. ¶9, 10. In 2011, Plaintiff was only able to serve defendants CDCR, Eddings, and Duenas. Id. ¶13. In 2012, Plaintiff served the remaining party defendants Adonis, Griffith, Gutierrez, Igbinosa, Medina, and Mendez. Id.

*Second Removal* - On March 8, 2012, Defendants Adonis, Griffith, Gutierrez, Igbinosa, Medina, and Mendez filed the present notice of removal [case 1:12-cv-01503-GSA-PC]. Id. ¶14.

///

---

[1] Plaintiff requests the court to take judicial notice, under Federal Rule of Evidence 201, of the documents, papers, and pleadings previously filed in the state court action entitled Charles A. Miller vs. CDCR, et al.; Case Number 10-CECG-02100, filed in Fresno County Superior Court, and the documents, papers and pleadings previously filed in the United States District Court, Eastern District of California, in an earlier removal action entitled Charles A. Miller vs. California Department of Corrections & Rehabilitation, et al., Case Number 1:10-cv-01428-AWI-SMS. Plaintiff's request is granted. The court may take judicial notice of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

4

A.      **Failure to Include State Court Documents -- 28 U.S.C. § 1446(a)**

Plaintiff argues that the Removing Defendants' March 8, 2012 notice of removal fails to comply with the requirement of 28 U.S.C. § 1446(a), because they did not include, with the notice, all of the documents served upon the defendants in the state-court action.  Specifically, Plaintiff contends that the Removing Defendants failed to submit copies of the Proof of Service of Summons, Notice and Acknowledgment of Receipt-Civil, Statement of Damages, Notice of Related Action, and Notice of Case Management Conference and Assignment of Judge For All Purposes order, which Plaintiff asserts he served on all of the defendants between July 21, 2010 and February 21, 2012.

Defendants acknowledge that all of the documents served on the Defendants were not included with the notice of removal.  However, Defendants maintain that the notice of removal is not defective, because the Removing Defendants requested to be excused from this requirement and also requested that the Court issue a writ of certiorari pursuant to § 1447(b) to obtain the entire state-court file.[2]  Defendants assert that defense counsel thought it more practical and judicially economical to make a request under § 1447(b) to obtain the state-court file, rather than attach the documents to the removal notice.  Defendants request that if the Court denies their request for a writ of certiorari, they be allowed to file the required documents.

Plaintiff replies that Defendants should not be excused from strictly complying with § 1446(a) simply because they requested to be excused from the requirement and requested that the Court issue a writ of certiorari to obtain the entire state-court file.

*Discussion*

Section 1446(a) requires the removing defendant to "file in the district court . . . a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action. 28 U.S.C. § 1446(a). Section 1446(a) does not require the removing defendants to submit copies of all of the documents served upon <u>all</u> of the defendants in the state-court case.  "[R]emoval is

---

[2] Section 1447(b) provides:  "[The district court] may require the removing party to file with its clerk copies of all records and proceedings in such State court or may cause the same to be brought before it by writ of certiorari issued to such State court." 28 U.S.C. § 1447(b).

5

accomplished merely by *a defendant* filing a verified petition stating the facts which entitled him to removal, together with a copy of all process, pleadings, and orders *served upon him* in the action, . . ." Libhart, 592 F.2d at 1064-65 (citing 28 U.S.C. § 1446; 14 Wright, Miller and Cooper, Federal Practice and Procedure, § 3730, p. 715) (emphasis added); see Cook v. Randolph County, Ga., 573 F.3d 1143 (11th Cir. 2011) (citing Usatorres v. Marina Mercante Nicaraguenses, S.A., 768 F.2d 1285, 1286 (11th Cir. 1985) (the defendants were not required to file all of the pleadings from the state court proceeding, only those that were served on them).  Thus, the Removing Defendants were only required to submit copies of documents which had been served upon the Removing Defendants during the state-court action.

The Removing Defendants submitted, with the notice of removal, a copy of the Complaint filed on June 15, 2010, and the returned summonses served upon the Removing Defendants on February 14, 2012, February 16, 2012, and February 21, 2012.  (Exhs. A-F to Notice of Removal, Docs. 1-2, 1-3, 1-4, 1-5, 1-6, 1-7.)  Plaintiff asserts that he served copies of other documents upon all of the Defendants between July 21, 2010 and February 21, 2012, and specifically served copies of certain documents upon the Removing Defendants during service of process.  Defendants have not responded to the assertion that they were served other documents during service of process which they did not include with the notice of removal.

While "defects going to the subject matter jurisdiction of the court cannot be waived and may be raised at any time," procedural defects are curable.  Libhart, 592 F.2d at 1064-65; see Destfino v. Reiswig, 630 F.3d 952, 957 (9th Cir.2011) (in context of joinder of defendants, "a procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court") (quoting Soliman v. Phillip Morris, Inc., 311 F.3d 966, 970 (9th Cir.2002)).  Therefore, Plaintiff's motion for remand, on the basis that the Removing Defendants failed to submit copies of state documents as required by § 1446(a), must be denied.  However, the the Removing Defendants should be required to submit to the Court copies of all of the documents served upon them during service of process and before the notice of removal was filed on March 8, 2012.

///

**B.      Failure to Remove Action Within Thirty Days -- 28 U.S.C. § 1446(b)**

Plaintiff argues that this action must be remanded because Defendants did not timely obtain removal within thirty days of the date that the first-served defendant, A. Walker, was served on July 21, 2010, as required by § 1446(b). Plaintiff asserts that Correctional Captain A. Walker was the first party served by Plaintiff after Plaintiff filed his original complaint in the Fresno Superior Court on June 15, 2010. (Miller Decl., Doc. 13 ¶4.) Plaintiff asserts that on July 2, 2010, he mailed copies of the summons, complaint, and related papers to defendant Walker, and on July 21, 2010, Walker's attorney, Deputy Attorney General Samantha H. Ramsey acknowledged receipt, beginning the thirty day period in which all party defendants were required to remove this action to federal court. (Motion at 9:24 - 10:5.) Defendants did not file their notice of removal until March 8, 2012. (Doc. 1.)

Defendants respond that Plaintiff's argument based on the first-served-defendant rule is without merit because in early 2011, the Ninth Circuit adopted the later-served-defendant rule announced in Destfino, 630 F.3d at 956, and the removal statute was amended in January 2012 to make clear that each defendant has thirty days from the date he is served with the summons and complaint to remove a state action. Defendants argue that because the Removing Defendants were served on February 14, 16, and 21, 2012, and the notice of removal was filed on March 8, 2012, removal was timely under § 1446(b)(2)(B).

Plaintiff replies that he is aware of the changes to § 1446(b) which recognized a later-served defendant's entitlement to seek removal, but Plaintiff argues that these rules cannot serve to cure the prior unanimity-of-consent defect that existed and resulted in the prior remand.

*Discussion*

In 2011, the Ninth Circuit adopted the last-served-defendant rule, which allows a later-served-defendant to file a timely notice of removal, as "each defendant is entitled to thirty days to exercise his removal rights after being served," Destfino, 630 F.3d at 956. Thereafter, Congress amended § 1446(b)(2)(B) to reflect the later-served defendant rule, providing that "[E]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons

... to file the notice of removal."[3]  28 U.S.C. § 1446(b)(2)(B).  Plaintiff has acknowledged the effect of this amendment, thus conceding that his argument that the Removing Defendants' notice of removal was not timely is without merit. (Motion at 7:11-16.) Plaintiff has cited no authority for his argument that the rules do not apply to this removal. Therefore, Plaintiff's motion for remand on the ground that Defendants failed to timely remove the action must be denied.

### C. Failure to Provide Evidence of Consent by All Parties -- 28 U.S.C. § 1446(b)

When there is more than one defendant in the action, all defendants who have been "properly ... served in the action" must unanimously agree to join in or consent to the removal. Destfino, 630 F.3d at 956-57 (quoting Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n. 1 (9th Cir.1988)); also see Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir.1986); United Computer Sys., Inc. v. AT & T Corp., 298 F.3d 756, 762 (9th Cir.2002). This is commonly referred to as the unanimity requirement. Lewis v. City of Fresno (E.D. Cal. 2008) 627 F.Supp.2d 1179, 1182. Failure to comply with the unanimity requirement renders the removal procedurally defective. See Emrich, 846 F.2d at 1193 n. 1. However, if the unanimity requirement is not met when the notice of removal is filed, the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment. See Soliman, 311 F.3d at 970 ("[A] procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court." (alteration in original and internal quotation marks omitted)). Though § 1446(b) does not specify in what way joinder must be expressed by codefendants, in this circuit, the requirement is met if the timely removing defendant avers, pursuant to Rule 11 of the Federal Rules of Civil Procedure,[4] that all defendants consent to removal. Proctor

---

[3] Section 1446 was amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub.L. No. 112-63, § 103, 125 Stat. 758.

[4] Rule 11 provides that: "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit," Fed. R. Civ. P. 11(a), and "By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery," Fed. R. Civ. P. 11(b)(3).

v. Vishay Intertechnology, Inc. 584 F.3d 1208, 12225 (9th Cir. 2009); also see Destfino, 630 F.3d at 957 ("There is no reason to lock an earlier-served defendant out of the federal forum, if he later chooses to consent").

Plaintiff argues that remand is required because Defendants' notice of removal only contains "a mere statement" that other party defendants have consented to removal, without sufficient evidence of consent, as required by § 1446(b). (Motion, Doc. 9 at 2 ¶III.)

Defendants respond that the notice of removal contained express language that the consenting defendants agreed to the removal, and the consenting defendants joined in the removal and acknowledged their consent to such, meeting the requirement of § 1446(b)(2)(A).

***Discussion***

On March 8, 2012, the Consenting Defendants filed a joinder to the Removing Defendants' notice of removal, stating:

> "PLEASE TAKE NOTICE that Defendants California Department of Corrections and Rehabilitation, Ahmed, Anderson, Chudy, Duenas, Eddings, Pascual, and Walker join in the notice of Adonis, Griffith, Gutierrez, Igbinosa, Medina, and Mendez, filed on March 8, 2012, removing the state action to this Court. Defendants agree and consent to the removal." (Doc. 4 at 1:24-27.)

The front page of the joinder clearly indicates that Deputy Attorney General ("DAG") Diana Esquivel represents the Consenting Defendants, (Doc. 4 at 1: 3-9), and DAG Diana Esquivel's signature, dated March 8, 2012, appears at the end of the joinder document, identifying herself as Attorney for Defendants. (Doc. 4 at 2:10-12.) Any defendants who had not been served were not required to join in, or consent to, the notice of removal.[5] Destfino, 630 F.3d at 957. Because it is clear that the Consenting Defendants unambiguously joined, agreed, and consented to the removal pursuant to Rule 11, Plaintiff's motion to remand for failure to provide evidence of consent by all parties must be denied.

///

///

---

[5] Plaintiff asserts that he served defendant Walker on July 21, 2010 (Doc. 13 ¶4); defendants Pasqual, Ahmet, Anderson, and Chudy on July 22, 2010 (Id.); defendants CDCR, Eddings, and Duenas in 2011 (Id. ¶13.); and then "the remaining party defendants Adonis, Griffith, Gutierrez, Igbinosa, Medina, and Mendez (Id.). The Court has no evidence from either party that any other defondant has been served in this action.

9

  **D.**  **Prior Failed Remand Bars Subsequent Removal**

  Plaintiff argues that defendants Chudy and Anderson waived their right to the present removal of this case when their failure to consent violated the unanimity rule in the prior removal of this case on August 6, 2010. Plaintiff asserts that the Defendants who first removed the case on August 6, 2010 failed to timely obtain written consent of all of the properly-served defendants, resulting in remand, and the Defendants who filed the later notice of removal on March 8, 2012 should not be permitted to suddenly appear and overcome the prior defective removal. (Miller Decl. ¶¶4-6.) Plaintiff contends that the Removing Defendants and their counsel should be subject to "bad faith" sanctions for the current removal which appears to be a tactic to delay the state court proceedings. (Motion, Doc. 9 at 4:21.)

  Defendants respond that Plaintiff has cited no authority that the Consenting Defendants waived their right to consent to the removal. Defendants argue that Plaintiff's argument was rejected by the court in <u>Destfino</u> which concluded that all defendants should be treated equally, regardless of when they happen to be served. Defendants contend that any delay in the state court proceedings was caused by Plaintiff's conduct in waiting more than a year and a half after filing this action, and litigating this case against some of the defendants, before serving the Removing Defendants with the summons and complaint.

  Plaintiff replies that the delay in service was caused by the CDCR's policy placing a one-hundred-page maximum limitation on legal copywork for prisoners statewide, which hindered Plaintiff from obtaining sufficient copies of his two-hundred-twenty-eight-page Complaint for purposes of serving the twenty-eight named defendants. Plaintiff cites <u>Lopez v. Puerto Rico State Elections Com'n</u>, 53 F.Supp.2d 541 (D. Puerto Rico, 1999) for the proposition that the state court's jurisdiction, following an earlier remand, should not be disturbed a second time by a subsequent attempt at removal.

  *Discussion*

  The <u>Lopez</u> case, upon which Plaintiff relies, is distinguishable from the present case. In <u>Lopez</u>, the first removal was denied for lack of subject matter jurisdiction, and the same defendants attempted a subsequent removal of the same case before another judge, notwithstanding the court's

clear finding of lack of federal removal jurisdiction. In the present case, there is no issue of subject matter jurisdiction;[6] Defendants have not given the impression of forum or judge-shopping; Plaintiff seeks remand on procedural grounds; and the two removals in Plaintiff's case were not by the same defendants. Moreover, this Court is under no obligation to follow a decision from the District of Puerto Rico.

It is true that a party is not entitled, under existing laws, to file a second [notice of removal] upon the same grounds, where, upon the first removal by the same party, the federal court declined to proceed and remanded the suit, because of his failure to [comply with the procedural requirements for removal]." St. Paul & C. Ry. Co. v. McLean, (1883) 108 U.S. 212, 217, 2 S.Ct. 498, 27 L.Ed. 703 (brackets added). However, the decision in St. Paul is not applicable to Plaintiff's case, because the two removals in Plaintiff's case were not by "the same party." The parties who first removed the case on August 6, 2010 [defendants Walker, Pasqual, and Ahmed] were entirely different from the parties who later removed the case on March 8, 2012 [defendants Adonis, Griffith, Gutierrez, Igbinosa, Medina, and Mendez].

Plaintiff concedes that § 1446(b) allows later-served defendants to remove a case to federal court, with the consent of the earlier-served defendants.

Section 1446(b)(2) provides:

" (A) When a civil action is removed solely under section 1441(a) [federal question jurisdiction], all defendants who have been properly joined and served must join in or consent to the removal of the action.

  (B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.

  (C) If the defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."

28 U.S.C. § 1446(b)(2); see Destfino, 630 F.3d at 956 (adopting the later-served rule in the Ninth Circuit, which entitles each defendant thirty days to exercise his removal rights after being served).

---

[6] In the motion for remand, Plaintiff did not raise the issue of subject matter jurisdiction over Plaintiff's Complaint based on the presence of a federal question. Plaintiff admits that the first cause of action in his Complaint presents a federal question under 42 U.S.C. § 1983 and concedes that removal on that basis is not improper. (Doc. 14 at 4 fn.1.) Therefore, the federal court's subject matter jurisdiction over Plaintiff's complaint is not at issue here.

This rule prevents the unfair result of a later-served defendant's preclusion from removing a case because an earlier-served defendant's attempt at removal failed. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999) (based in part on the principle that a party has neither a right nor an obligation to take action in a matter in which it has not yet received formal service of process, highlighting the inequity involved in forcing the later-served defendant to forfeit its right to remove, through no fault of its own). Thus, the Removing Defendants did not forfeit their rights to removal because of the earlier removal attempt over which they had no choice.

While Plaintiff argues that it is fraudulent, against judicial economy, and disrespectful of the state court to allow the second removal, and that defendants Anderson and Chudy waived their rights to join in the second removal because they failed to consent to the first removal, Plaintiff cites no authority for his arguments and alleges no facts demonstrating fraud. Therefore, Plaintiff's motion for remand, on the basis that the first failed removal somehow bars the second removal, must be denied.

**IV.    RECOMMENDATIONS AND CONCLUSION**

Based on the foregoing, the court HEREBY RECOMMENDS that:

1. Plaintiff's motion for remand, filed on March 21, 2012, be DENIED; and
2. The Removing Defendants – defendants Adonis, Griffith, Gutierrez, Igbinosa, Medina, and Mendez – be required to submit to the Court copies of all of the documents served upon them during service of process in the state action and before the notice of removal was filed on March 8, 2012.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings

///

///

///

and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

**Dated:   October 26, 2012**               /s/ **Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE