IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. MILLER, | 1:12-cv-00353-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING REQUEST FOR JUDICIAL NOTICE AS MOOT |
| vs. | (Doc. 23.) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

## I. BACKGROUND

Charles A. Miller ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action was initiated by civil complaint filed by Plaintiff in the Fresno County Superior Court on June 15, 2010 (Case #10CECG02100). On March 8, 2012, defendants Adonis, Griffith, Gutierrez, Igbinosa, Medina, and Mendez ("Removing Defendants") removed the case to federal court by filing a Notice of Removal of Action pursuant to 28 U.S.C. § 1441(a) (federal question). (Doc. 1.) On March 8, 2012, defendants California Department of Corrections and Rehabilitation ("CDCR"), Ahmed, Anderson, Chudy, Duenas, Eddings, Pascual, and Walker ("Consenting Defendants") joined in the Notice of Removal of Action. (Doc. 4.)

On March 4, 2013, Plaintiff filed a request for the Court to take judicial notice of certain state court documents filed in Case #10CECG02100. (Doc. 23.)

1

## II. JUDICIAL NOTICE

"A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). The court may take judicial notice of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.l (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981). "Judicial notice is an adjudicative device that alleviates the parties' evidentiary duties at trial, serving as a substitute for the conventional method of taking evidence to establish facts." York v. American Tel. & Tel. Co., 95 F.3d 948, 958 (10th Cir. 1996)(internal quotations omitted); see General Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1081 (7th Cir. 1997).

Plaintiff requests the Court to take judicial notice of Answers filed by defendants in the prior state court action, Case #10CECG02100, before this case was removed to federal court. Plaintiff's request is moot in light of the fact that on October 26, 2012, the Court took judicial notice of all of the documents previously filed in the state court action. (Doc. 19 at 4 fn.1.) Therefore, Plaintiff's request for judicial notice shall be denied.[1]

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request for judicial notice, filed on March 4, 2013, is DENIED as moot.

IT IS SO ORDERED.

Dated:   **March 7, 2013**           /s/ **Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE

---

[1] In the request for judicial notice, Plaintiff presumes that the filing of an Answer by a defendant in the state court actions precludes the federal court from dismissing that defendant during the court's screening of the complaint pursuant to 28 U.S.C. § 1915A. Plaintiff cites no authority, and the Court finds no authority, for this presumption.

2