UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. MILLER,<br><br>        Plaintiff,<br><br>   vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>        Defendants. | 1:12-cv-00353-LJO-GSA-PC<br><br>ORDER DENYING MOTION TO EXPEDITE CASE AND ALLOW EARLY DISCOVERY<br>(Doc. 26.) |

## I.   BACKGROUND

Charles A. Miller ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action was initiated by civil complaint filed by plaintiff in the Fresno County Superior Court on June 15, 2010 (Case #10CECG02100). On March 8, 2012, defendants Adonis, Griffith, Gutierrez, Igbinosa, Medina, and Mendez ("Removing Defendants") removed the case to federal court and requested the court to screen the complaint under 28 U.S.C. § 1915A. (Docs. 1, 2.) On March 8, 2012, defendants California Department of Corrections and Rehabilitation ("CDCR"), Ahmed, Anderson, Chudy, Duenas, Eddings, Pascual, and Walker ("Consenting Defendants") joined in the Notice of Removal of Action. (Doc. 4.) On October 4, 2012, the court granted the Removing Defendants' request for court screening, and the complaint now awaits screening. (Doc. 16.)

On July 12, 2013, plaintiff filed a motion for the court to expedite the screening of the complaint, or in the alternative, to allow Plaintiff to conduct early discovery. (Doc. 26.)

## II.   PLAINTIFF'S MOTION

Plaintiff argues that his case should be expedited because the complaint was filed more than three years ago in state court and removed to federal court more than fifteen months ago,

1

and the parties were already conducting discovery in the state court case when the case was removed to federal court. Plaintiff argues that the delay in this case was caused by Defendants, who have removed this case to federal court twice, causing an unreasonable risk that some of the witnesses yet to be served may become unavailable for service, and important witnesses may be lost.

The court has granted Defendants' request to screen the complaint under 28 U.S.C. § 1915A(a). The court ordinarily screens complaints in the order in which they are filed at the court, and strives to avoid delays whenever possible. However, there are hundreds of prisoner civil rights cases presently pending before the court, and delays are inevitable despite the court's best efforts. Plaintiff's complaint was removed to federal court on March 8, 2012 and will be screened in due time. The court acknowledges plaintiff's concerns; however, the court presently has many other cases before it which also require immediate attention.

With respect to service, the court will, *sua sponte*, direct the United States Marshal to serve the complaint only after the court has screened the complaint and determined that it contains cognizable claims for relief against the named defendants.

With respect to discovery, the court will issue a scheduling order setting a schedule for discovery after defendants have filed an Answer to the complaint. Plaintiff has not shown good cause for the court to allow him to conduct discovery before the court has screened the complaint or issued a scheduling order.

**III.    CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the court to expedite this case, or in the alternative, to allow him to conduct early discovery is DENIED.

IT IS SO ORDERED.

Dated:   **July 15, 2013**                                **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28