UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. MILLER, | 1:12-cv-00353-LJO-GSA-PC |
| Plaintiff, | SCREENING ORDER |
| vs. | ORDER DISMISSING COMPLAINT FOR VIOLATION OF RULE 8(a), WITH LEAVE TO AMEND<br>(Doc. 1, Exh. A.) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | ORDER DENYING AS MOOT PLAINTIFF'S REQUEST TO DISMISS CERTAIN DEFENDANTS FROM THIS ACTION<br>(Doc. 30.) |
| | ORDER FOR CLERK TO SEND PLAINTIFF A CIVIL RIGHTS COMPLAINT FORM |
| | THIRTY-DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT NOT EXCEEDING TWENTY-FIVE PAGES |

I.      BACKGROUND

Charles A. Miller ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was initiated by civil complaint filed by Plaintiff in the Fresno County Superior Court on June 15, 2010 (Case #10CECG02100).  On March 8, 2012, defendants Adonis, Griffith, Gutierrez, Igbinosa, Medina, and Mendez ("Removing Defendants") removed the case to federal court and requested the court to screen the complaint under 28 U.S.C. § 1915A.  (Docs. 1, 2.)  On March 8, 2012, defendants

1

California Department of Corrections and Rehabilitation ("CDCR"), Ahmed, Anderson, Chudy, Duenas, Eddings, Pascual, and Walker ("Consenting Defendants") joined in the Notice of Removal of Action.  (Doc. 4.)  On October 4, 2012, the court granted Defendants' motion for the court to screen the complaint.  (Doc. 16.)

Plaintiff's Complaint is now before the court for screening.

## II.      SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

## III.     PLAINTIFF'S COMPLAINT

Plaintiff is presently incarcerated at Corcoran State Prison in Corcoran, California.  The events at issue occurred at Pleasant Valley State Prison (PVSP) in Coalinga, California, and the Correctional Training Facility (CTF) in Soledad, California, when Plaintiff was incarcerated at those two facilities.   Plaintiff names twenty-nine Defendants and thirty Doe Defendants. Plaintiff brings claims for inadequate medical care, conspiracy, retaliation, violation of the Americans with Disabilities Act, improper appeals process, verbal harassment and threats, negligence, and intentional infliction of emotional distress against the Defendants.   Plaintiff seeks monetary damages, injunctive relief, and declaratory relief.

## IV.     PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects,
> or causes to be subjected, any citizen of the United States . . . to
> the deprivation of any rights, privileges, or immunities secured
> by the Constitution . . . shall be liable to the party injured in an

action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 743-44.

A.    **Federal Rule of Civil Procedure 8(a)**

Under federal notice pleading, a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" Iqbal 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.  The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

Plaintiff's Complaint is approximately 228 pages long, including 67 pages of single-spaced typewritten allegations and claims, and more than 160 pages of exhibits.  Thus, the Complaint fails to comport with Rule 8(a)'s instruction that the complaint is only required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's lengthy narrative does not succinctly allege facts against the named defendants. Plaintiff shall be granted leave to file an amended complaint that complies with Rule 8(a). Twenty-five pages is more than sufficient for Plaintiff to identify his claims and set forth specific facts in support of those claims.  Accordingly, the amended complaint may not exceed twenty-five pages in length, and it will be stricken from the record if it violates this page limitation.

**B.**   **Claims Arising at the Correctional Training Facility**

Plaintiff makes allegations against defendants concerning events occurring at PVSP and CTF.  Plaintiff's claims arising out of events at PVSP are proper in this district because PVSP is located in the Eastern District of California.  28 U.S.C. § 1391(b).  However, because CTF is located in the Northern District of California, venue for Plaintiff's claims arising out of events at CTF are not proper in this district, and those claims may not be pursued in this action. Plaintiff shall be granted an opportunity to file an amended complaint, in which he should omit any claims for relief arising out of events occurring at CTF.  See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (court may raise defective venue sua sponte); see also Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991) (courts have broad discretion regarding severance).  If Plaintiff wishes to pursue the claims arising at CTF, he may file a new action in the Northern District of California.

///

///

///

4

**C.**     **Legal Standards**

In the paragraphs that follow, the court will provide Plaintiff with the legal standards that appear to apply to his claims.  Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

**1.**     **Eighth Amendment Medical Claim**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference."  Id. (citing McGuckin, 974 F.2d at 1060).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  Id.  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs.  McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)).  "'If a prison official should have been aware of the risk, but

was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).   "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment. Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).   In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.   Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d 1050, overruled on other grounds by WMX Techs., Inc., 104 F.3d at 1136 (en banc) (internal quotations omitted)).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood, 900 F.2d at 1334. In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer, 511 U.S. at 837.

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

///

///

### 2.   Conspiracy

In the context of conspiracy claims brought pursuant to section 1983, a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

### 3.   Retaliation

As discussed by the Ninth Circuit in Watison v. Carter:

> "Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). A retaliation claim has five elements. Id. First, the plaintiff must allege that the retaliated-against conduct is protected. The filing of an inmate grievance is protected conduct. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005).
>
> Second, the plaintiff must claim the defendant took adverse action against the plaintiff. Id. at 567. The adverse action need not be an independent constitutional violation. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). "[T]he mere threat of harm can be an adverse action...." Brodheim, 584 F.3d at 1270.
>
> Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which

retaliation can be inferred is sufficient to survive dismissal.  See Pratt, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent"); Murphy v. Lane, 833 F.2d 106, 108–09 (7th Cir. 1987).

Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." Robinson, 408 F.3d at 568 (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," Brodheim, 584 F.3d at 1269, that is "more than minimal," Robinson, 408 F.3d at 568 n.11.  That the retaliatory conduct did not chill the plaintiff from suing the alleged retaliator does not defeat the retaliation claim at the motion to dismiss stage. Id. at 569.

Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution...." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985).  A plaintiff successfully pleads this element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, id., or that they were "unnecessary to the maintenance of order in the institution," Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir.1984)."

Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012).

### 4.   ADA Claims

Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.

The treatment, or lack of treatment, concerning Plaintiff's medical condition does not provide a basis upon which to impose liability under the ADA.  Burger v. Bloomberg, 418 F.3d 882, 882  (8th Cir. 2005) (medical treatment decisions not a basis for RA or ADA claims); Schiavo ex rel. Schindler, 403 F.3d at 1294 (RA not intended to apply to medical treatment decisions); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (medical decisions not ordinarily within scope of ADA or RA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.").

///

### 5.    **Inmate Appeals Process**

Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process.   "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).   "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).   Actions in reviewing a prisoner's administrative appeal, without more, are not actionable under section 1983.  Buckley, 997 F.2d at 495.

### 6.    **Harassment and Threats**

Verbal harassment or abuse alone is not sufficient to state a claim under section 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation, Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

### 7.    **State Law Claims**

Violation of state tort law such as negligence and intentional infliction of emotional distress, state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983.  To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights.  See Paul v. Davis, 424 U.S. 693 (1976).  Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law.  See 28 U.S.C. § 1367.

## V.    **PLAINTIFF'S REQUEST TO DISMISS CERTAIN DEFENDANTS**

On October 11, 2013, Plaintiff filed a request to voluntarily dismiss defendants Hansen, Hayden, Hill, Pascual, Ragasa, Berke, and Stringer from this action, without prejudice,

1  pursuant to Rule 41(a).  In light of this order dismissing the Complaint with leave to amend,

2  Plaintiff may voluntarily dismiss defendants Hansen, Hayden, Hill, Pascual, Ragasa, Berke,

3  and Stringer by simply omitting them from the First Amended Complaint.  Thus, Plaintiff's

4  request to dismiss defendants is moot and shall be denied as such.

5  **VI.    CONCLUSION AND ORDER**

6         The Court finds that Plaintiff's Complaint violates Rule 8(a) and must be dismissed.

7  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given

8  when justice so requires.'"   The court will provide Plaintiff with time to file an amended

9  complaint curing the deficiencies identified above.  Plaintiff is granted leave to file an amended

10 complaint within thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

11        The amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

12 named defendant did that led to the deprivation of Plaintiff's constitutional or other federal

13 rights.  Iqbal, 556 U.S. at 676-77; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There

14 is no *respondeat superior* liability, and each defendant is only liable for his or her own

15 misconduct.  Iqbal, 556 U.S. at 676-77.  Plaintiff must set forth "sufficient factual matter . . . to

16 'state a claim that is plausible on its face.'"  Id. at 678 (quoting Twombly, 550 U.S. at 555).

17 Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of

18 his rights.  Jones, 297 F.3d at 934 (emphasis added).

19        As discussed above, twenty-five pages is more than sufficient for Plaintiff to identify

20 his claims and set forth specific facts in support of those claims.   Accordingly, Plaintiff's

21 amended complaint may not exceed twenty-five pages in length, and it will be stricken from the

22 record if it violates this page limitation.  If Plaintiff chooses to type the amended complaint, he

23 should use double-spacing, not single-spacing.

24        With respect to exhibits, while they are permissible, they are not necessary in the

25 federal system of notice pleading, Fed. R. Civ. P. 8(a).  The Court strongly suggests to Plaintiff

26 that they should not be submitted where (1) they serve only to confuse the record and burden

27 the Court, or (2) they are intended as future evidence.  If this action reaches a juncture at which

28 ///

the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit his evidence.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding allegations occurring after June 15, 2010. Also, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). In addition, Plaintiff is reminded that he must omit claims arising at the Correctional Training Facility in Soledad, California, from the amended complaint, based on lack of venue.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint, filed on June 15, 2010 in the Fresno County Superior Court, and removed to federal court on March 8, 2012, is dismissed for violation of Rule 8(a), with leave to amend;

2. The Clerk shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified in this order;

4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:12-cv-00353-LJO-GSA-PC;

5. The First Amended Complaint may not exceed twenty-five pages in length, and it will be stricken from the record if it violates this page limitation;

6.     Plaintiff's request to voluntarily dismiss certain defendants from this action, filed on October 11, 2013, is DENIED as moot; and

7.     Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   **October 16, 2013**           **/s/ Gary S. Austin**

                                          UNITED STATES MAGISTRATE JUDGE