UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. MILLER,<br><br>  Plaintiff,<br><br>  vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>  Defendants. | 1:12-cv-00353-LJO-GSA-PC<br><br>ORDER GRANTING MOTION FOR RECONSIDERATION IN PART<br>(Doc. 33.)<br><br>ORDER MODIFYING SCREENING ORDER OF OCTOBER 17, 2013 TO FIND THAT VENUE IS PROPER FOR PLAINTIFF'S CLAIMS ARISING AT THE CORRECTIONAL TRAINING FACILITY<br><br>FORTY-FIVE DAY DEADLINE FOR PLAINTIFF TO FILE FIRST AMENDED COMPLAINT NOT EXCEEDING TWENTY-FIVE PAGES<br><br>ORDER REFERRING CASE BACK TO MAGISTRATE JUDGE FOR FURTHER PROCEEDINGS |

**I.    BACKGROUND**

Charles A. Miller ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action was initiated by civil complaint filed by Plaintiff in the Fresno County Superior Court on June 15, 2010 (Case #10CECG02100). On March 8, 2012, defendants Adonis, Griffith, Gutierrez, Igbinosa, Medina, and Mendez removed the case to federal court and requested the court to screen the complaint under 28 U.S.C. §

1915A.  (Docs. 1, 2.)  On March 8, 2012, defendants California Department of Corrections and Rehabilitation ("CDCR"), Ahmed, Anderson, Chudy, Duenas, Eddings, Pascual, and Walker joined in the Notice of Removal of Action.  (Doc. 4.)

On October 4, 2012, the court granted Defendants' motion for the court to screen the complaint. (Doc. 16.)  The Magistrate Judge screened the Complaint pursuant to 28 U.S.C. § 1915A and issued a Screening Order on October 17, 2013, dismissing the Complaint for violation of Federal Rule of Civil Procedure 8(a), with leave to file an amended complaint not exceeding twenty-five pages.  (Doc. 32.)

On October 31, 2013, Plaintiff filed a motion for reconsideration by the District Judge of the Magistrate Judge's Screening Order of October 17, 2013 ("Screening Order").  (Doc. 33.)  Plaintiff's motion for reconsideration is now before the court.

## II.     SCREENING ORDER ISSUED ON OCTOBER 17, 2013

The Screening Order dismissed Plaintiff's Complaint for violation of Rule 8(a), based on the fact that the Complaint is approximately 228 pages long, including 67 pages of single-spaced typewritten allegations and claims, and more than 160 pages of exhibits.  (Doc. 32 at 3-4 ¶A.)  Plaintiff was granted leave to file an amended complaint not exceeding 25 pages that complies with Rule 8(a)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief."  Id.; Fed. R. Civ. P. 8(a).  Plaintiff was also instructed to use double-spacing if he chooses to type the amended complaint.  Id. at 10:22-23.

The Screening Order also determined that venue was improper in this district for Plaintiff's claims arising from events occurring at the California Training Facility (CTF) in Soledad, California.  Id. at 4 ¶IV.B.  Plaintiff was instructed to omit such claims from the amended complaint and advised that if he wishes to pursue the claims, he may file a new action in the Northern District of California.  Id.

The Screening Order also provided Plaintiff with the legal standards that appear to apply to his claims, for Plaintiff's review when deciding which claims and defendants to include in the amended complaint.  Id. at 5-9 ¶IV.C.

///

The Screening Order also addressed Plaintiff's motion to dismiss certain defendants from this action under Rule 41, filed on October 11, 2013.  <u>Id.</u> at 9-10 ¶V.  The Magistrate Judge denied the motion as moot, in light of the fact that the Screening Order dismissed the entire Complaint and Plaintiff could simply omit from his amended complaint those defendants he seeks to dismiss.  <u>Id.</u>

### III.  MOTION FOR RECONSIDERATION BY DISTRICT JUDGE

#### A.  <u>Legal Standard</u>

Local Rule 303 provides that "[a] party seeking reconsideration of the Magistrate Judge's ruling shall file a request for reconsideration by a Judge . . . specifically designat[ing] the ruling, or party thereof, objected to and the basis for that objection.  This request shall be captioned 'Request for Reconsideration by the District Court of Magistrate Judge's Ruling.'" Local Rule 303(c).  "The standard that the assigned Judge shall use in all such requests is the 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A)." Local Rule 303(f).

#### B.  <u>Plaintiff's Motion</u>

Plaintiff seeks reconsideration of the Magistrate Judge's Screening Order, based on the following arguments:

##### 1.  <u>Magistrate Judge Exceeded His Authority</u>

First, Plaintiff argues that the Magistrate Judge exceeded his authority under 28 U.S.C. § 636(b)(1)(A) when he involuntarily dismissed the Complaint.  Plaintiff asserts that he did not consent to Magistrate Judge jurisdiction, but acknowledges that he is aware that the court can use the Magistrate Judge to make a record by findings and recommendations.  However, Plaintiff argues that under Rule 72(b)(1), the Magistrate Judge cannot dismiss any part of the action.

The Federal Magistrates Act, 28 U.S.C. §§ 631–639, "distinguishes between nondispositive matters under 287 U.S.C. § 636(b)(1)(A) and dispositive matters heard pursuant to 28 U.S.C. § 636(b)(1)(B)." <u>United States v. Abonce–Barrera</u>, 257 F.3d 959, 968 (9th Cir. 2001).  "Under 28 U.S.C. § 636(b)(1)(A), a district judge may designate a magistrate judge to

hear any *nondispositive pretrial* matter pending before the court." Estate of Connors v. O'Connor, 6 F.3d 656, 658 (9th Cir.1993) (emphasis in original).

Here, the Screening Order, which dismissed the Complaint with leave to amend, is not dispositive because, similar to an order granting a motion to amend, it does not "effectively dismiss" any of Plaintiff's causes of action. See Gossett v. Stewart, No. 08–2120 PHX-DGC (ECV), 2009 WL 3379018, at *1 (D. Ariz. Oct. 20, 2009); Morgal v. Maricopa County Bd. Of Sup'rs, 284 F.R.D. 452, 458 (D. Ariz. June 6, 2012.) ("There are circumstances, such as when a magistrate judge denies a party the opportunity to assert a new claim or defense," that cause a motion to amend to be viewed as dispositive. But, "[g]enerally, a motion for leave to amend the pleadings is a nondispositive matter that may be ruled on by a magistrate judge.") The Magistrate Judge's Screening Order was not a final order, dispositive of a claim or defense, and therefore is not outside the Magistrate Judge's statutorily granted jurisdiction. See Crispin v. Christian Audigier, Inc., 717 F.Supp.2d 965, 970 (C.D. Cal. May 26, 2010); also see Fed. R. Civ. P. 72 (For dispositive motions, the Magistrate Judge must enter findings and recommendations).

For these reasons, the court finds that the Magistrate Judge did not exceed his authority in dismissing the Complaint with leave to amend.

2. **Court Failed to Perform Screening Required by § 1915A**

Second, Plaintiff argues that the court failed to perform a screening of the Complaint as required under 28 U.S.C. § 1915A, because the court did not screen the Complaint for failure to state a claim, for frivolous or malicious claims, or for seeking monetary relief from immune defendants.

Section 1915A provides, in part:

> **(a) Screening.** -- The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal.** -- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

>>**(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>>**(2)** seeks monetary relief from a defendant who is immune from such relief."

While § 1915A(b) sets out grounds for dismissal, the court is not limited to those grounds when reviewing a complaint. "Federal courts are vested with the inherent power 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Santamaria v. Todd Ins. Agency (E.D. Tex. 2005) 231 F.R.D. 246, 248 (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962)). "This authority is necessarily incident to the judicial power granted under Article III of the Constitution and includes the power of the court to control its docket by dismissing a case as a sanction for a party's failure to obey court orders or rules." Santamaria, 231 F.R.D. at 248 (citing see Woodson v. Surgitek, Inc., 57 F.3d 1406, 1417 (5th Cir.1995)).

Here, the Magistrate Judge made an initial determination during the screening process that Plaintiff's Complaint violated Rule 8(a) and therefore could not proceed without amendment. The court does not find this ruling erroneous or contrary to law.

### 3.     Dismissal of Complaint Under Rule 8(a) is Unfair

Third, Plaintiff argues that because there was no Rule 8(a) violation when he originally filed the Complaint in state court, and Defendants have not objected to the length of the Complaint, it is unfair to impose a sanction of dismissal for such violations now. Plaintiff objects to the 25-page limitation on his amended complaint, arguing that the Complaint's actual length, excluding exhibits, is only 67 typed pages.

As discussed above, the court's authority to control its docket includes the power to dismiss a case as a sanction for a party's failure to obey court orders or rules." Santamaria, 231 F.R.D. at 248. Rule 8(a) is one of the Federal Rules of Civil Procedure. Thus, the federal court has the authority to dismiss a complaint for violation of Rule 8(a) and to set a reasonable limitation on the page length of a pleading. Plaintiff's arguments are unpersuasive. Therefore, the court does not find the Magistrate Judge's dismissal of Plaintiff's Complaint for violation of
///

Rule 8(a), with leave to file an amended complaint not exceeding 25 pages, erroneous or contrary to law.

### 4. Venue is Not Improper for Claims Arising at CTF

Fourth, Plaintiff argues that the Magistrate Judge's ruling that venue is improper for his claims arising at CTF is erroneous, because venue was established in this case by its removal, under 28 U.S.C. §§1390 and 1441(a). Plaintiff argues the Magistrate Judge's ruling would force him to involuntarily abandon claims against defendants at CTF, after those same defendants invoked the jurisdiction and venue of this court by having it removed to federal court or consenting to removal. Plaintiff notes that some of the defendants even filed Answers in state court before consenting to removal.

Plaintiff also objects to the Magistrate Judge's instruction that he can file a new case concerning his CTF claims in the Northern District of California, because the statute of limitations bars him from commencing a case at this late date. Plaintiff would request transfer of the claims, rather than dismissal.

Plaintiff is correct that removal automatically satisfies federal venue requirements under 28 U.S.C. §§ 1390(c) and 1441(a). The general venue statutes do not apply to an action that has been removed from state court. "Section 1441(a) expressly provides that the proper venue of a removed action is 'the district court of the United States for the district and division embracing the place where such action is pending.'" Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665-666, 73 S.Ct 900, 902 (1953). Venue is proper as long as removal is to the district in which the state action was pending. 28 USC §§ 1390(c), 1441(a); see PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc., 138 F.3d 65, 72 (2nd Cir. 1988); Hollis v. Florida State Univ., 259 F3d 1295, 1300 (11th Cir. 2001). The reason is that venue is the defendant's privilege, and defendant chose to transfer the case to the local district court. See Polizzi, 345 U.S. at 665-666.

Here, defendants removed Plaintiff's case from the Fresno County Superior Court to the United States District Court for the Eastern District of California. Fresno County is located within the Eastern District of California. Thus, under 28 U.S.C. § 1441(a), venue for Plaintiff's

claims is proper in the Eastern District of California. Therefore, the court finds the Magistrate Judge's ruling, that venue is improper for some of Plaintiff's claims, to be contrary to law. The court finds that venue for Plaintiff's claims is proper in this district, and Plaintiff may proceed in this district with all of his claims, including those which arose at CTF which is located in the Northern District of California. Plaintiff is not required to omit his claims arising at CTF from the amended complaint.

### IV.    CONCLUSION AND ORDER

Based on the foregoing, the Court finds evidence that the Magistrate Judge's ruling in the Screening Order of October 17, 2013, that venue is improper in this action for Plaintiff's claims arising at CTF, was contrary to law. Therefore, the court modifies this ruling in the Screening Order, to find that venue is proper in this action for Plaintiff's claims arising at CTF, and Plaintiff may include such claims in the amended complaint. However, the Court finds no evidence that any other ruling in the Screening Order was clearly erroneous or contrary to law.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration of the Magistrate Judge's Screening Order, filed on November 1, 2013, is GRANTED IN PART;

2. The Magistrate Judge's finding in the Screening Order, that venue is improper for Plaintiff's claims arising from events occurring at the Correctional Training Facility in Soledad, California, is modified to find that venue is proper in this action for such claims, and Plaintiff may include those claims in the amended complaint;

3. The court finds no evidence that any other ruling in the Screening Order was clearly erroneous and contrary to law;

4. Plaintiff is granted forty-five days from the date of service of this order in which to file a First Amended Complaint not exceeding 25 pages, pursuant to the Magistrate Judge's Screening Order of October 17, 2013, as modified by this order; and

///

5.      This case is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:   **November 5, 2013**            **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE