UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. MILLER,<br><br>    Plaintiff,<br><br>    vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | 1:12-cv-00353-LJO-GSA-PC<br><br>ORDER STRIKING FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND (Doc. 35.)<br><br>THIRTY DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT NOT EXCEEDING 25 PAGES, AS INSTRUCTED BY THIS ORDER |

**I.    RELEVANT PROCEDURAL HISTORY**

Charles A. Miller ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action was initiated by civil complaint filed by Plaintiff in the Fresno County Superior Court on June 15, 2010 (Case #10CECG02100). On March 8, 2012, defendants Adonis, Griffith, Gutierrez, Igbinosa, Medina, and Mendez removed the case to federal court and requested the court to screen the complaint under 28 U.S.C. § 1915A. (Docs. 1, 2.) On March 8, 2012, defendants California Department of Corrections and Rehabilitation ("CDCR"), Ahmed, Anderson, Chudy, Duenas, Eddings, Pascual, and Walker joined in the Notice of Removal of Action. (Doc. 4.)

On October 4, 2012, the court granted Defendants' motion for the court to screen the complaint. (Doc. 16.) The Magistrate Judge screened the Complaint pursuant to 28 U.S.C. § 1915A and issued a Screening Order on October 17, 2013, dismissing the Complaint for violation of Federal Rule of Civil Procedure 8(a), with leave to file an amended complaint not exceeding twenty-five pages. (Doc. 32.)

On December 2, 2013, Plaintiff filed the First Amended Complaint, which is now before the court for screening. (Doc. 35.)

## II.    FIRST AMENDED COMPLAINT

The court's screening order of October 17, 2013, found that Plaintiff's initial Complaint violated Rule 8(a)'s directive that a complaint must contain "a short and plain statement of the claim." (Doc. 32 at 3 ¶A.) Plaintiff was ordered to file an amended complaint not exceeding twenty-five pages. Plaintiff was also advised that "[i]f Plaintiff chooses to type the amended complaint, he should use double-spacing, not single-spacing." (Id. at 10:22-23.) Plaintiff was forewarned that the First Amended Complaint would be stricken from the record if it violated the court's page limitation. (Id. at 11 ¶5.)

Plaintiff's First Amended Complaint consists of twenty-five typewritten pages, but he has not used double-spacing throughout the complaint. Plaintiff uses primarily single-spacing on a majority of the pages he has attached to the four-page form complaint. Thus, Plaintiff fails to comply with the court's order. Therefore, the First Amended Complaint shall be stricken from the record. Plaintiff shall be granted thirty days to file a Second Amended Complaint curing the defects found by the court in this order and the October 17, 2013 order.

Plaintiff is cautioned that the Ninth Circuit recently held that "dismissals following the *repeated* violation of Rule 8(a)'s 'short and plain statement' requirement, following leave to amend, are dismissals for failure to state a claim under § 1915(g)." Knapp v. Hogan, 738 F.3d 1106, 1110 (9th Cir. 2013). "When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim." Id. Thus, Plaintiff's continued failure to comply with the court's rules may result in the dismissal of Plaintiff's case, with prejudice.

## III.   CONCLUSION AND ORDER

The court has found that Plaintiff's First Amended Complaint fails to comply with the court's order of October 17, 2014 which required Plaintiff to comply with Rule 8(a) of the Federal Rules of Civil Procedure and use double-spacing when typing the First Amended Complaint. Therefore, the First Amended Complaint shall be stricken from the record.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend 'shall be freely given when justice so requires.'" Plaintiff is granted leave to file a Second Amended Complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

The amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 676-77; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added).

Twenty-five pages is more than sufficient for Plaintiff to identify his claims and set forth specific facts in support of those claims. Accordingly, Plaintiff's Second Amended Complaint may not exceed twenty-five pages in length, and if Plaintiff chooses to type the amended complaint, he is required to use double-spacing, not single-spacing. The Second Amended Complaint will be stricken from the record if it violates these limitations.

With respect to exhibits, while they are permissible, they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). The Court strongly suggests to Plaintiff that they should not be submitted where (1) they serve only to confuse the record and burden the Court, or (2) they are intended as future evidence. If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit his evidence.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding allegations occurring after June 15, 2010. Also, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended

complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint, filed on December 2, 2013, is STRICKEN from the record, with leave to amend;
2. The Clerk shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified in this order;
4. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:12-cv-00353-LJO-GSA-PC;
5. The Second Amended Complaint may not exceed twenty-five pages in length or be typed using single-spacing, and it will be stricken from the record if it violates these limitations; and
6. Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   **June 19, 2014**          **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE