UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. MILLER,<br><br>      Plaintiff,<br><br>   vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>      Defendants. | 1:12-cv-00353-LJO-GSA-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br>(Doc. 42.)<br><br>ORDER FOR PLAINTIFF TO COMPLY WITH THE COURT'S ORDER OF JUNE 19, 2014 WITHIN THIRTY DAYS |

**I.    BACKGROUND**

Charles A. Miller ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed in the Fresno County Superior Court on June 15, 2010, and removed by defendants to the federal court on March 8, 2012. (Doc. 1.)

Plaintiff filed the First Amended Complaint on December 2, 2013. (Doc. 35.) On June 19, 2014, the Magistrate Judge issued an order striking the First Amended Complaint for violation of Rule 8(a), with leave to amend. (Doc. 40.) On July 10, 2014, Plaintiff filed a motion for reconsideration of the Magistrate Judge's order by the District Judge. (Doc. 42.)

**II.    MOTION FOR RECONSIDERATION BY DISTRICT JUDGE**

Local Rule 303 provides that "[a] party seeking reconsideration of the Magistrate Judge's ruling shall file a request for reconsideration by a Judge . . . specifically designat[ing]

the ruling, or party thereof, objected to and the basis for that objection.  This request shall be captioned 'Request for Reconsideration by the District Court of Magistrate Judge's Ruling.'"  Local Rule 303(c).  "The standard that the assigned Judge shall use in all such requests is the 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A)."  Local Rule 303(f).

### **Plaintiff's Motion**

Plaintiff argues that the Magistrate Judge's order should be vacated because it ignores the principle of Rule 8(f) which "is said to command courts to never exalt 'form' over 'substance by relying on technical pleading irregularities to reject" his amended complaint. (Motion, Doc. 42 at 2:6-8.)   Plaintiff contends that his First Amended Complaint should have been accepted as filed, and considered on its substance.  Plaintiff argues that the Magistrate Judge failed to consider the complexity of his issues when requiring that he limit the First Amended Complaint to twenty-five pages in length, double-spaced.  Plaintiff also argues that the First Amended Complaint should not have been stricken for use of single spacing, because the Magistrate Judge did not require double spacing but merely advised Plaintiff that "[i]f Plaintiff chooses to type the amended complaint, he <u>should</u> use double spacing, not single-spacing."  (Motion at 5-6.)  Plaintiff argues that his meritorious claims should not have been rejected simply because he failed to satisfy the Magistrate Judge's preferences.

### **Discussion**

The court does not find the Magistrate Judge's order of June 19, 2014 to be clearly erroneous or contrary to law.  Plaintiff relies on Rule 8(f) which no longer exists in the Federal Rules of Civil Procedure.  The record supports the Magistrate Judge's finding in the order that Plaintiff's Amended Complaint violates Rule 8(a) which requires the complaint to contain "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2).[1]  Moreover, "[d]istrict courts have the inherent power to control their dockets and, '[i]n the exercise of that power they may

---

[1] Plaintiff's argument that his lengthy narrative is justified because his claims are unduly complex is unpersuasive.  The First Amended Complaint includes evidence of exhaustion of administrative remedies, legal arguments, and detailed descriptions of each defendant's background and duties, none which are required.

impose sanctions including, where appropriate, . . . dismissal of a case.'" Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court did not abuse discretion in dismissing complaint for failure to comply with order to amend complaint) (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986), cert. denied, 479 U.S. 829, 107 S.Ct. 112, 93 L.Ed.2d 60 (1986); accord Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402 (9th Cir. 2010) (district courts have inherent power to strike items from docket as sanction for litigation conduct). Accordingly, Plaintiff's motion for reconsideration shall be denied, and Plaintiff is required to comply with the Magistrate Judge's order within thirty days.

### III.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on July 10, 2014, is DENIED; and
2. Within thirty days from the date of service of this order, Plaintiff is required to comply with the Magistrate Judge's order of June 19, 2014; and
3. This case is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:  **July 18, 2014**                    **/s/ Lawrence J. O'Neill**
                                            UNITED STATES DISTRICT JUDGE