UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. MILLER,<br><br>            Plaintiff,<br><br>      vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>            Defendants. | 1:12-cv-00353-LJO-GSA-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER<br>(ECF No. 47.)<br><br>ORDER FOR PLAINTIFF TO COMPLY WITH MAGISTRATE JUDGE'S ORDER OF JUNE 29, 2015 WITHIN THIRTY DAYS |

**I.    BACKGROUND**

Charles A. Miller ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  This action was initiated by civil complaint filed by Plaintiff in the Fresno County Superior Court on June 15, 2010 (Case #10CECG02100).  On March 8, 2012, defendants Adonis, Griffith, Gutierrez, Igbinosa, Medina, and Mendez ("Removing Defendants") removed the case to federal court and requested the court to screen the complaint under 28 U.S.C. § 1915A.  (ECF Nos. 1, 2.)  On March 8, 2012, defendants California Department of Corrections and Rehabilitation ("CDCR"), Ahmed, Anderson, Chudy, Duenas, Eddings, Pascual, and Walker ("Consenting Defendants") joined in the Notice of Removal of Action.  (ECF No. 4.)

On October 17, 2013, the court dismissed the Complaint for violation of Rule 8(a) of the Federal Rules of Civil Procedure, with leave to amend.  (ECF No. 32.)  On December 2, 2013, Plaintiff filed the First Amended Complaint.  (ECF No. 35.)  On June 19, 2014, the court issued an order striking the First Amended Complaint for Plaintiff's failure to comply with the

court's order of October 17, 2013.  (ECF No. 40.)  Plaintiff was granted leave to file a Second Amended Complaint.  (Id.)  On August 13, 2014, Plaintiff filed the Second Amended Complaint.  (ECF No. 44.)

The court screened the Second Amended Complaint pursuant to 28 U.S.C. § 1915A and issued an order on June 29, 2015, requiring Plaintiff to either file a Third Amended Complaint or notify the court of his willingness to proceed on the claims found cognizable by the court.  (ECF No. 46.)  On July 10, 2015, Plaintiff filed a motion for reconsideration by the District Judge of the Magistrate Judge's screening order of June 29, 2015.  (ECF No. 47.)

## II. MOTION FOR RECONSIDERATION BY DISTRICT JUDGE

### A. Legal Standard

Local Rule 303 provides that "[a] party seeking reconsideration of the Magistrate Judge's ruling shall file a request for reconsideration by a Judge . . . specifically designat[ing] the ruling, or party thereof, objected to and the basis for that objection.  This request shall be captioned 'Request for Reconsideration by the District Court of Magistrate Judge's Ruling.'"  Local Rule 303(c).  "The standard that the assigned Judge shall use in all such requests is the 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A)."  Local Rule 303(f).

### B. Plaintiff's Motion

Plaintiff argues that the Magistrate Judge's screening order is "clearly erroneous" and/or "contrary to law" under 28 U.S.C. § 636(b)(1)(A) and Local Rule 303(f).  Plaintiff disagrees with the Magistrate Judge's assessment that the Second Amended Complaint fails to allege facts showing that any of the defendants, except defendant Medina, acted with deliberate indifference to his serious medical needs under the Eighth Amendment.  Plaintiff also argues that the Magistrate Judge erroneously found that Plaintiff failed to state a claim for retaliation.  Plaintiff also argues that the Magistrate Judge seemed to disregard well-established Ninth Circuit case law and legal authority applicable to a PLRA screening process on a Prisoner's Eighth Amendment medical claims.  Plaintiff requests that the District Judge vacate the Magistrate Judge's screening order, and that the District Court make independent findings and

conclusions as to the sufficiency of the Second Amended Complaint, with consideration of Plaintiff's arguments.

### C. **Discussion**

The court has reviewed the Magistrate Judge's screening order of June 29, 2015, and does not find it to be clearly erroneous or contrary to law. Therefore, Plaintiff's motion for reconsideration shall be denied.

At this stage of the proceedings, if Plaintiff disagrees with the Magistrate Judge's screening order, his remedy is to file a Third Amended Complaint clearly and succinctly stating the allegations and claims upon which he wishes to proceed. Plaintiff was forewarned in the screening order that if he does not comply with the screening order, this action will be dismissed. (ECF No. 46 at 20 ¶5.).

Plaintiff shall be granted additional time to comply with the screening order.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on July 10, 2015, is DENIED;
2. Plaintiff is required to comply with the Magistrate Judge's screening order of June 29, 2015;
3. Within thirty days from the date of service of this order, Plaintiff shall either file a Third Amended Complaint or notify the court that he is willing to proceed only on the claims found cognizable by the court, pursuant to the Magistrate Judge's screening order of June 29, 2015; and
4. If Plaintiff fails to comply with this order, this action will be dismissed.

IT IS SO ORDERED.

Dated: **July 16, 2015**          **/s/ Lawrence J. O'Neill**
                                   UNITED STATES DISTRICT JUDGE