UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. MILLER, | 1:12-cv-00353-DAD-EPG-PC |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF EXPERT WITNESS TO ASSIST THE COURT WITH SCREENING OF PLAINTIFF'S COMPLAINT |
| vs. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| | (ECF No. 52.) |
| Defendants. | |

**I.      BACKGROUND**

Charles A. Miller ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.  This action was initiated by civil complaint filed by Plaintiff in the Fresno County Superior Court on June 15, 2010 (Case #10CECG02100).  On March 8, 2012, defendants Adonis, Griffith, Gutierrez, Igbinosa, Medina, and Mendez ("Removing Defendants") removed the case to federal court and requested the court to screen the complaint under 28 U.S.C. § 1915A.  (ECF Nos. 1, 2.)  On March 8, 2012, defendants California Department of Corrections and Rehabilitation ("CDCR"), Ahmed, Anderson, Chudy, Duenas, Eddings, Pascual, and Walker ("Consenting Defendants") joined in the Notice of Removal of Action.  (ECF No. 4.)

On October 17, 2013, the Court dismissed the Complaint for violation of Rule 8(a) of the Federal Rules of Civil Procedure, with leave to amend. (ECF No. 32.) On December 2, 2013, Plaintiff filed the First Amended Complaint. (ECF No. 35.) On June 19, 2014, the Court issued an order striking the First Amended Complaint for Plaintiff's failure to comply with the Court's order of October 17, 2013. (ECF No. 40.) Plaintiff was granted leave to file a Second Amended Complaint. (Id.) On August 13, 2014, Plaintiff filed the Second Amended Complaint. (ECF No. 44.)

The Court screened the Second Amended Complaint pursuant to 28 U.S.C. § 1915A and issued an order on June 29, 2015, requiring Plaintiff to either file a Third Amended Complaint or notify the Court of his willingness to proceed on the claims found cognizable by the Court. (ECF No. 46.) On July 31, 2015, Plaintiff filed the Third Amended Complaint, which awaits the Court's screening. (ECF No. 49.)

On March 9, 2016, Plaintiff filed a motion for the Court to appoint an expert witness to assist the Court in screening the medical claim in his Third Amended Complaint. (ECF No. 52.)

## II.     APPOINTMENT OF EXPERT WITNESS

### A.     Legal Standards

The Court has the discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence. In relevant part, Rule 706 states that "[o]n a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed . . ." Fed. R. Evid. 706(a); Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999). Pursuant to Rule 702, "a witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue . . ." Fed. R. Evid. 702. While the Court has the discretion to appoint an expert and to apportion costs, including the appointment of costs to one side, Fed. R. Evid. 706; Ford ex rel. Ford v. Long Beach Unified

///

School Dist., 291 F.3d 1086, 1090 (9th Cir. 2002); Walker, 180 F.3d at 1071, where the cost would likely be apportioned to the government, the Court should exercise caution.

"Where a party has filed a motion for appointment of a neutral expert under Rule 706, the court must provide a reasoned explanation of its ruling on the motion. Several factors guide the court's decision. First, and most importantly, the court must consider whether the opinion of a neutral expert will promote accurate fact finding. The court may also consider the ability of the indigent party to obtain an expert and the significance of the rights at stake in the case. Expert witnesses should not be appointed where they are not necessary or significantly useful for the trier of fact to comprehend a material issue in a case." Johnson v. Cate, No. 1:10-CV-00803-AWI, 2015 WL 5321784, at *2 (E.D. Cal. Sept. 10, 2015) (citing Gorton v. Todd, 793 F.Supp.2d. 1171, 1178-84 (E.D.Cal. 2011)). The determination to appoint an expert rests solely in the court's discretion and is to be informed by such factors as the complexity of the matters to be determined and the court's need for a neutral, expert review. See Ledford v. Sullivan, 105 F.3d 354, 358–59 (7th Cir.1997).

### B.      Plaintiff's Motion

Plaintiff requests the Court to appoint an impartial medical expert witness (orthopedic surgeon, consultant, and/or specialist) – pursuant to Rule 706 of the Federal Rules of evidence and Gorton v. Todd, 793 F.Supp.2d 1171, 2001 (E.D. Cal. 2011), to assist the Court with the screening of his Third Amended Complaint. Plaintiff argues that the medical claims in his complaint are complex and an expert witness is needed to show that his claims are not frivolous. Plaintiff argues that an expert would assist the Court by providing "an unbiased view of the potential merit of plaintiff's medical care (and delay) claims in this case alleged in the Third Amended Complaint." (ECF No. 52 at 2:4-5.) Plaintiff suggests that Defendants should compensate the appointed expert, pursuant to Rule 706(b). Plaintiff requests the issuance of an order to show cause directed to Defendants, requiring them to state any and all reasons why a medical expert should not be appointed and why Defendants should not be required to bear the costs.

///

C. **Discussion**

As noted above, "[e]xpert witnesses should not be appointed where they are not necessary or significantly useful for the trier of fact to comprehend a material issue in a case." Johnson, 2015 WL 5321784, at *2 (citing Gorton, 793 F.Supp.2d. 1171); Fed. R. Evid. 706. Plaintiff's motion for the Court to appoint an expert witness shall be denied because (1) in screening Plaintiff's Third Amended Complaint, the Court will not act as a trier of fact, and (2) an expert witness is not necessary or useful to assist the Court in screening Plaintiff's medical claim.

In screening the complaint, the Court *assumes the truth* of Plaintiff's well-pleaded factual allegations and then determines whether the facts plausibly give rise to an entitlement to relief. Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009) (emphasis added). Thus, during screening of a complaint, the Court assumes the truth of the plaintiff's factual allegations and does not act as a trier of fact.

Plaintiff argues that his medical claims in the Third Amended Complaint are complex and that an expert witness would be useful to enlighten the Court about "complex issues of responsibility for, and causation of, further injury to the plaintiff's right knee (and the consequential pain/suffering resulting) due to delay of reasonably serious and necessary care by an orthopedic surgeon and what steps CDCR defendants could/should have taken to provide plaintiff with care/treatment in a more expeditious way." (ECF No. 52 at 2-3.) The Court disagrees that Plaintiff's claims are complex, and Plaintiff has not explained why these issues are so complex that an expert witness is needed.

Plaintiff suggests that the Court is unable able to determine how and whether the applicable standard of care was deviated from, or to appreciate the effect it had on Plaintiff. However, knowledge or understanding of the standard of care is not required for the Court to decide whether Plaintiff states an Eighth Amendment medical claim. In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer, 511 U.S. at 837. The Court does not find that specialized knowledge is

necessary to evaluate whether Plaintiff states a claim that Defendants violated Plaintiff's Eighth Amendment rights. Accordingly, Plaintiff's motion shall be denied.

### III.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for the Court to appoint an expert witness, filed on March 19, 2016, is DENIED.

IT IS SO ORDERED.

Dated:   **July 6, 2016**                         /s/ *Erica P. Grosjean*
                                                  UNITED STATES MAGISTRATE JUDGE