UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. MILLER,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants. | 1:12-cv-00353-DAD-EPG-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO TRANSFER PRSENT ACTION TO THE NORTHERN DISTRICT OF CALIFORNIA FOR CONVENIENCE<br><br>(ECF No. 54) |

　　　Charles A. Miller ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. On June 17, 2016, Plaintiff filed a motion to transfer the present action to the Northern District of California. (ECF No. 54). For the reasons below, the Court denies Plaintiff's motion to transfer.

　　**I.　　PRCOEDURAL HISTORY**

　　This action was initiated by civil complaint filed by Plaintiff in the Fresno County Superior Court on June 15, 2010 (Case #10CECG02100). On March 8, 2012, certain defendants removed the case to federal court and requested the court to screen the complaint under 28 U.S.C. § 1915A. (ECF Nos. 1, 2.) On October 4, 2012, the Court[1] granted

---

[1] All Magistrate Judge orders before October 12, 2015 were issued by Magistrate Judge Gary S. Austin.

Defendants' motion for the court to screen the complaint. (ECF No. 16.)

On October 17, 2013, the Court dismissed the Complaint for violation of Rule 8(a) of the Federal Rules of Civil Procedure, with leave to amend. (ECF No. 32.) On December 2, 2013, Plaintiff filed the First Amended Complaint. (ECF No. 35.) On June 19, 2014, the Court issued an order striking the First Amended Complaint for Plaintiff's failure to comply with the court's order of October 17, 2013. (ECF No. 40.) Plaintiff was granted leave to file a Second Amended Complaint. (Id.)  On August 13, 2014, Plaintiff filed the Second Amended Complaint. (ECF No. 44.)  The Court screened the Second Amended complaint on June 29, 2015.  (ECF No. 46.)  The Court found that Plaintiff's Second Amended Complaint stated a cognizable Eighth Amendment medical claim against defendant Officer M. Medina for not allowing him to sit down instead of standing, but found that the Second Amended Complaint failed to state any other claims.  (ECF No. 46).  The Court gave Plaintiff a choice of going forward on that one claim or further amending his complaint.

On July 10, 2015, Plaintiff filed a motion for reconsideration, asking for District Court to conduct a *de novo* review and arguing that the Magistrate Judge erred in dismissing all but one claim (with leave to amend).  (ECF No. 47.)  On July 16, 2015, District Judge Lawrence J. O'Neill denied Plaintiff's motion for reconsideration.  (ECF No. 48.)

Plaintiff filed a Third Amended Complaint on July 31, 2015.  (ECF  No. 49)  The Court screened Plaintiff's Third Amended Complaint and found that it stated cognizable claims for against Defendants Medina, Chudy and Frederichs for Deliberate Indifference to Serious Medical Needs in violation of the Eighth Amendment, as well as for violation of Government Code § 845.6. (ECF No. 60.)  The Court found that the Third Amended Complaint also stated a related Bane Act claim against Defendant Medina.  The Court also found that it stated cognizable claims against Defendants Eddings and Walker for Retaliation in violation of the First Amendment, as well as for violation of the Bane Act.  The Court gave Plaintiff the choice of proceeding only on the claims found cognizable by the Court, or indicating that he does not agree to proceed only on those claims, subject to findings and recommendations consistent with the Court's order.

On October 5, 2016, Plaintiff notified the Court that he wished to proceed on the claims found cognizable so long as he did not waive the right to object to the dismissal of the other claims. (ECF No. 61.)   On October 13, 2016, the Court submitted findings and recommendations to the District Court, to permit certain claims and defendants to go forward, and others to be dismissed with prejudice, as described below. (ECF No. 62.)

## II.     PLAINTIFF'S MOTION TO TRANSFER

Plaintiff requests that the Court transfer this case to the U.S. District Court for Northern District of California, where Plaintiff's later-filed case, Miller v. CDCR, et al., Case No. 5:16-cv-02431-EMC is pending ("the Northern District case"). (ECF No. 54.) The Northern District case concerns allegations against Dr. Zahed Ahmed and other medical professionals from CTF-Soledad.  It concerns events occurring after June 10, 2014.  Currently pending in the Northern District case is Plaintiff's application for a temporary restraining order and motion for preliminary-permanent injunction to compel defendants to provide Plaintiff with a total knee replacement "arthroplasty."  The Northern District case has already proceeded past the screening stage and the parties have engaged in written discovery.

In support of his motion, Plaintiff notes that his case in this district encountered many delays and thus has been pending for many years. (ECF No. 54.)  Plaintiff also claims that the Northern District case is merely an extension of the current case and involved similar allegations of deliberate indifference to serious medical needs.  Plaintiff notes that there are some overlapping defendants to the extent they reside in CTF-Soledad, although the allegations in this action involving Pleasant Valley State Prison (PVSP) are not present in the Northern District case.  Plaintiff argues that convenience of the witnesses and judicial economy favor transfer.

In response, Defendants filed a notice of related cases, notifying this Court that the two cases involve one overlapping defendant and some related questions of law and fact.  (ECF No. 57.)  Defendants claimed that transfer to the Northern District was not warranted because the events at issue did not overlap in time.  However, Defendants suggested that the Northern District case could be transferred to this Court.  Defendants also filed an opposition to the

motion to transfer, arguing that while they did not oppose consolidation of the two cases, this district was the more convenient forum. (ECF No. 58.) Defendants point to a first-to-file doctrine that prefers consolidation to the earlier-filed case.

### III.    LEGAL STANDARDS FOR MOTION TO TRANSFER

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). The moving party bears the burden of showing the balance of conveniences favors the transfer. See Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979).

In considering a motion to transfer venue under § 1404(a), the court may weigh a number of factors, including:

> (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and, (8) the ease of access to sources of proof.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000).

The first-to-file rule "allows a district court to **transfer**, stay, or dismiss an action when a similar complaint has already been filed in another federal court." Alltrade, Inc. v. Uniweld Prod., Inc., 946 F.2d 622, 623 (9th Cir. 1991). A district court examines three factors in deciding whether to apply the rule: the chronology of the two actions, the identity of the parties involved, and the similarity of the issues at stake. Id. at 625. "The circumstances under which an exception to the first-to-file rule typically will be made include bad faith, anticipatory suit, and forum shopping." Alltrade, 946 F.2d at 628 (internal quotations omitted). Further, "[a]n ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts." Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183-184 (1952).

\\\

## IV.  DISCUSSION REGARDING MOTION TO TRANSFER

Plaintiff's motion to transfer is unusual.  Plaintiff chose to file two separate lawsuits—one in Fresno and one in Monterey.  Now it is Plaintiff who consolidation and transfer away from Fresno.

Plaintiff also files this motion many years into the litigation.  As Plaintiff notes, this case has been pending in this Court since 2012.  During that time, Plaintiff has filed multiple amendments to his complaints, which have been screened first by Magistrate Judge Gary S. Austin, and more recently by the undersigned judge.  Plaintiff has repeatedly disagreed with the screening orders from this Court.  At the time Plaintiff filed his motion to transfer, Plaintiff was still awaiting another screening order of an amended complaint, and Plaintiff so disagreed with the prior screening order that he had requested reconsideration from the District Court, which was denied.  (ECF No. 47, 48)

On the other hand, Plaintiff recently received a favorable ruling in the Northern District case.  On June 22, 2016, United States District Judge Edward M. Chen, presiding in the Northern District action, held that Plaintiff's complaint stated cognizable claims for violation of the Eighth Amendment against Dr. Tropup and Dr. Schultz, who allegedly created false or misleading x-ray reports used to support the denial of total knew replacement ("TKR") surgery; as well as for retaliation against Dr. Ahmed, Dr. Bright, Dr. Posson, nurse Deluna, and nurse Knight for retaliation as they allegedly denied him proper medical care because of Mr. Miller's extensive complaining and grievance-filing activity.  Indeed, even though it covered different claims and almost completely different defendants, Plaintiff sent the Northern District screening order to this Court.  (ECF No. 59)

In their motion papers, Plaintiff and Defendants appear to agree that the cases should be consolidated but differ as to where they should be.  Not surprisingly, Plaintiff now requests that both cases be transferred to the Northern District, which just issued a favorable ruling. Defendants request that the cases be transferred to this Court, which has issued unfavorable

rulings in the past.[2]

With this background in mind, it appears to the Court that Plaintiff's motion to transfer is an attempt to forum shop and have his claims in this case transferred to a judge Plaintiff believes is more inclined to support the Plaintiff, rather than a genuine concern for the convenience of the witnesses and judicial economy. Likely, Defendants' opposition to the motion to transfer, and request to transfer the actions to this court, is similarly motivated by forum shopping. In any event, judicial selection based on rulings in the cases is not a proper reason to transfer cases. This Court finds that, under 28 U.S.C. § 1404(a), it is not in the interests of justice to transfer this case to the Northern District.[3]

In any event, the factors relevant to determining the most convenient forum are not dispositive here. The Plaintiff chose Fresno originally, although in Fresno Superior Court, but has since changed his mind. If the Court's Findings and Recommendations are adopted, the overlapping defendants of the CDCR and Dr. Ahmed will be dismissed in this case and thus no defendants will be in common. The two cases have similar issues, but cover different periods of time. This case concerns PVSP, whereas both cases concern CTF-Soledad. CTF-Soledad is similarly distant from both courthouses. Thus, while it would have been possible for Plaintiff to file one complaint in one forum covering all claims and time periods, there is no overwhelming reason to combine them now, nor to prefer one jurisdiction over another.

The Court appreciates Plaintiff's frustration with the pace of his case in this Court. This case has been pending many years. Screening orders repeatedly took many months to issue, and the Plaintiff repeatedly disagreed with their conclusions. The Court has since issued what it expects will be the last screening order in this case. Because Plaintiff would not agree to go forward only on the claims found cognizable by this Court, it was necessary to issue Findings

---

[2] The Court will not characterize its most recent screening order as either favorable or unfavorable to any party, as it allowed certain claims and denied others. (ECF No. 60.) Plaintiff agreed with the finding of cognizable claims, but attempted to reserve all rights to appeal the dismissal of all other claims and defendants. (ECF No. 61.) The Court has issued findings and recommendations to the District Judge regarding what claims in the Third Amended Complaint can proceed and which should be dismissed at this time. (ECF No. 62.)

[3] This Court does not preclude the Northern District court from transferring its case to this forum, should it choose to do so.

and Recommendations so that the District Judge could finally determine which claims and defendants would proceed. Nevertheless, the case is proceeding and this judge commits to move this case forward expeditiously once the scope of the complaint is finally resolved.

V. **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Transfer the Present Action to the United States District Court, Northern District of California, is denied.

IT IS SO ORDERED.

Dated:   **October 18, 2016**                  /s/ Erica P. Grosjean
                                                                        UNITED STATES MAGISTRATE JUDGE